UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>ELKHORN COMMUNITY ASSOCIATION, et al.,<br><br>　　　　Defendant(s). | Case No.: 2:16-cv-00524-RFB-NJK<br><br>**REPORT AND RECOMMENDATION** |

On January 6, 2020, the Court granted a motion for the attorney for Defendant Absolute Collection Services ("ACS") to withdraw. Docket No. 67. In so doing, the Court also ordered ACS to file a notice of appearance by a new attorney by January 21, 2020. *Id.* The Court warned that failure to comply may result in the imposition of sanctions, up to and including case-dispositive sanctions. *Id.* ACS did not file a notice of appearance by a new attorney as ordered.

On January 24, 2020, the Court ordered ACS to show cause why default judgment should not be entered against it. Docket No. 68. ACS did not respond to that order. Nonetheless, on February 12, 2020, ACS responded to a similar order to show cause issued in another case, indicating that it has been dissolved and lacks the resources to retain new counsel. *Bank of Am., N.A. v. Tierra De Las Palmas Owners Assoc.*, Case No. 2:16-cv-01362-APG-NJK, Docket No. 47 (D. Nev. Feb. 12, 2020).[1] Moreover, no attorney has appeared on behalf of ACS in the four months since that response was filed.

---

[1] The Court is not required to consider a response filed in another case, but it is in the interest of justice to do so here. As it was prepared without the assistance of an attorney, the Court construes that filing liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

"A corporation may appear in federal court only through licensed counsel." *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). In this case, ACS's failure to comply with the Court's order to retain counsel is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because ACS has been unable or unwilling to comply with the Court's order to retain counsel and the Ninth Circuit has held that case-dispositive sanctions are appropriate for a corporation's failure to retain counsel for the duration of the litigation since corporations may not appear in federal court without licensed counsel. *Id.*

Accordingly, the undersigned **RECOMMENDS** that default judgment be entered against Defendant Absolute Collection Services.

Dated: June 26, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: June 26, 2020

_____
Nancy J. Koppe
United States Magistrate Judge